UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARINA MARQUEZ GONZALEZ, | ) | |
| on behalf of M.E., | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:09-CV-079-BG |
| | ) | ECF |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|       Defendant. | ) | |

## REPORT and RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Marina Marquez Gonzalez is appealing the decision to deny her son Social Security supplemental security income benefits by Michael J. Astrue, Commissioner of Social Security. The court has considered the administrative record, the arguments of the parties, and the applicable law and has determined that the Commissioner did not apply the proper legal standard and the court recommends that the decision be reversed and the case remanded for further proceedings.

## I.    Statement of the Case

In February 2005 Gonzalez, on behalf of M.E., filed for supplemental security income benefits under the Social Security Act, alleging that M.E. was a disabled child due to juvenile diabetes. (Tr. at 80-82, 105, 113). The Disability Determination Service denied Gonzalez' application initially and upon reconsideration. (*Id.* at 49-54, 60-63). Gonzalez requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 64-65). After the hearing the ALJ affirmed the denial of benefits. (*Id.* at 10-26). Gonzalez requested review by the Appeals Council, which

denied Gonzalez' request for review.  (*Id.* at 1-4, 7-9).  Accordingly, this court is reviewing the ALJ's decision and denial of benefits.

## II.   Discussion

This court's "review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.  *Id.* (quotation omitted).   "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Id.*  "Conflicts of evidence are for the Commissioner, not the courts, to resolve."  *Id.*

A claimant bears the burden of proving that he suffers from a disability.  *Perez*, 415 F.3d at 461.  Under 20 C.F.R. § 416.924, the ALJ uses the following four-step sequential analysis to determine whether a child is disabled: (1) whether the child was engaging in substantial gainful activity; (2) if not, whether the child had a severe impairment; (3) if so, whether the child had an impairment which met or equaled the severity of a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B (the impairment listings for children); and (4) if not, whether the impairment was of comparable severity to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A (the impairment listings for adults).  *Harris v. Apfel*, 209 F.3d 413, 417-18 (5th Cir. 2000); 20 C.F.R. § 416.920 (cross-referencing the impairment listings in 20 C.F.R. Pt. 404, Subpt. P, App. 1).  An impairment is medically equivalent to a listed impairment if it is at least equal in severity and duration to the criteria of any listed impairment.  20 C.F.R. § 416.926(a).

In his decision the ALJ stated that the record did not establish that M.E.'s diabetes mellitus was at the level of severity to meet or equal 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, §§ 109.08 or 109.09. (Tr. 18). The ALJ explained that although M.E. had frequent low blood sugar readings while at school, the low blood sugar levels were not of sufficient severity because they were "immediately addressed by school personnel." (*Id.*).

Gonzalez argues that the ALJ's decision did not apply the appropriate legal standard because the ALJ found that despite M.E.'s recurrent episodes of hypoglycemia,[1] he did not meet the listed impairment. Gonzalez contends that there is no legal basis for the ALJ determining that if an episode of low blood sugar is treated immediately then the episode does not qualify for meeting the specific conditions listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, § 109.08.

The Commissioner responds that the legal basis for the ALJ's decision is in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, § 109.00(A). The Commissioner contends that, because § 109.00(A) states that a disability occurs when a disturbance in the regulation of a hormone is not adequately controlled by therapy, recurrent episodes of hypoglycemia that are immediately treated do not qualify for meeting the listing in § 109.08.

In the Listing of Impairments the cause of a disability in the Endocrine system is explained:

A disability is caused by a disturbance in the regulation of the secretion or metabolism of one or more hormones which are not adequately controlled by therapy. Such disturbances or abnormalities usually respond to treatment. To constitute a listed impairment these must be shown to have persisted or be expected to persist despite prescribed therapy for a continuous period of at least 12 months.

---

[1] Hypoglycemia is defined as an abnormally small concentration of glucose (sugar) in the circulating blood. STEDMAN'S MEDICAL DICTIONARY 836 (26th ed. 1995).

20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, § 109.00(A).  A person meets the listed impairment in § 109.08 when he is diagnosed with juvenile diabetes mellitus requiring parenteral insulin, and, "despite prescribed therapy," he has "[r]ecent, recurrent episodes of hypoglycemia."  20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, § 109.08.

The ALJ erred in applying § 109.08 because it does not state that if an episode of hypoglycemia is immediately treated then it is not sufficiently severe to medically equal the listed impairment.  *See id.*  Furthermore, the Commissioner's argument that § 109.00 provides the legal basis for the ALJ's application of § 109.08 is without merit.  The therapy referenced in § 109.08 is the therapy used to control "a disturbance in the regulation of the secretion or metabolism of one or more hormones."  20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, §§ 109.00(A) and 109.08.  In addition, the regulations distinguish recurrent episodes of hypoglycemia from "a disturbance in the regulation of the secretion or metabolism of one or more hormones."  *Id.*  It follows that, under §§ 109.00 and 109.08, the immediate treatment of hypoglycemia is not the same as treating a disturbance in hormonal levels.  Thus, the Commissioner is incorrect to equate immediate treatment of the episodes of hypoglycemia to adequate control of "a disturbance in the regulation of the secretion or metabolism of one or more hormones."  Accordingly, the district court should find that the ALJ did not apply the proper legal standard.  *Perez*, 415 F.3d at 461.

The Commissioner argues, in the alternative, that the ALJ's decision was supported by substantial evidence because M.E. did not comply with his prescribed treatment.  The Commissioner asserts that if M.E. had complied with his treatment he would not have had recurrent episodes of hypoglycemia.  Although there may be evidence in the record to support the Commissioner's assertion that M.E. did not comply with his prescribed treatment, the ALJ's decision was not based

on that reason.  (*See* Tr. 18).  The ALJ stated that M.E.'s low blood sugar readings did not qualify

him for meeting the listed impairment because the low blood sugar was immediately treated by

school personnel.  (*Id.*).  For the reasons stated above, the district court should not address whether

there is substantial evidence to support a finding that M.E. failed to comply with his treatment.

*Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the

reasons set forth in the ALJ's decision").

## III.   Recommendation

The district court should find that the ALJ did not apply the proper legal standard when

determining whether M.E.'s impairment met or equaled the listing in 20 C.F.R. Pt. 404, Subpt. P,

App. 1, Pt. B, § 109.08.  Accordingly, the Commissioner's decision that M.E. was not disabled and

not entitled to benefits should be reversed and remanded for further proceedings.  *Perez*, 415 F.3d

at 461.

## IV.   Right to Object

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within fourteen (14) days after being served with a copy.  *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify

the place in the magistrate judge's report and recommendation where the disputed determination is

found.  An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved

party from appealing the factual findings and legal conclusions of the magistrate judge that are

accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:          April 29, 2010.

NANCY M. KOENIG
United States Magistrate Judge

6